IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JANE BADE**,

    Plaintiff,

    v.

**CAROLYN W. COLVIN, Commissioner**
**Social Security Administration**

    Defendant.

No. 3:15-cv-00839-MO

OPINION AND ORDER

**MOSMAN, J.**,

Jane Bade challenges the Commissioner's decision denying her claim for Supplemental

Security Income ("SSI"). I have jurisdiction under 42 U.S.C. § 405(g) and now remand to the

administrative law judge ("ALJ") to clarify the vocational expert ("VE") testimony and provide,

if necessary, a step five analysis.

## PROCEDURAL BACKGROUND

Ms. Bade filed her application for SSI to the Commissioner on March 3, 2011. The claim

was initially denied on November 8, 2011, and again upon reconsideration on March 16, 2012.

Ms. Bade then filed a timely request for a hearing to review the Commissioner's decision on

April 3, 2012. An ALJ held a hearing on July 16, 2013, and subsequently issued a decision on

August 14, 2013, denying Ms. Bade's claim for SSI.

## THE ALJ'S FINDINGS

The ALJ made her decision based upon the five-step sequential process established by

the Secretary of Health and Human Services. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42

(1987); 20 C.F.R. § 416.920 (establishing the five-step evaluative process for SSI claims). The

1-OPINION AND ORDER

ALJ determined although Ms. Bade was disabled, substance use was a contributing factor material to the disability. (ALJ Hr'g Decision [10-3] at 32.) Based on testimony of the VE, the ALJ concluded if Ms. Bade discontinued substance use, she would be able to perform her past relevant work. (*Id.* at 49.) Supplementing this conclusion, the ALJ determined Ms. Bade's anxiety testimony was not credible and discounted the opinion of Dr. Lee Walters, the treating physician. (*Id.* at 45, 49.)

## STANDARD OF REVIEW

I review the ALJ's decision to ensure the ALJ applied proper legal standards and the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882.

## DISCUSSION

Ms. Bade presents five issues on appeal (Pl.'s Opening Br. [11] at 7; Pl.'s Reply Br. [24] at 5):

> 1. Whether the ALJ's finding of non-disability is supported by the VE's testimony;

2-OPINION AND ORDER

2. Whether the VE's testimony supports the conclusion that Ms. Bade is capable of performing her past relevant work as actually performed and as generally performed;

3. Whether the ALJ provided clear and convincing reasons rooted in substantial evidence to support the adverse credibility finding with respect to Ms. Bade's anxiety disorder testimony;

4. Whether the evidence shows Ms. Bade's anxiety disorder would improve to the point of nondisability absent substance abuse; and

5. Whether the ALJ properly rejected the medical testimony of the treating doctor, Lee Walters.

I address each issue below.

## I.    The VE's testimony does not clearly support the ALJ's finding of non-disability.

Ms. Bade argues the VE's testimony supports a finding of disability. (Pl.'s Opening Br. [11] at 8-9.) I disagree. However, because the VE's testimony is inconclusive, I remand for the purpose of clarifying the testimony.

The ALJ presented the VE with a hypothetical concerning a person with a residual functional capacity ("RFC") identical to Ms. Bade's and asked whether such a person could perform Ms. Bade's past work. (Tr. of Oral Hr'g [10-3] at 89-90.) In response, the VE testified, "*Yes*, that *wouldn't* allow for the performance of the past light, unskilled work." (*Id.* at 90 (emphasis added).) The parties disagree as to whether the VE's answer was transcribed appropriately. The Commissioner argues the VE's use of the word "wouldn't" appears to be a transcription error in light of his affirmative response. (Def.'s Br. [20] at 5.) Ms. Bade argues the

VE testified her past relevant work would not fit the public contact limitations presented in the hypothetical. (Pl.'s Opening Br. [11] at 8-9.)

The Commissioner would have this Court look past any potential ambiguity because Ms. Bade still possesses the ability to perform a significant number of jobs in the national or regional economies. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). However, this Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Although the VE did testify Ms. Bade could perform—absent substance use—other jobs significant in number in the national economy, (Tr. of Oral Hr'g [10-3] at 90-91), the ALJ did not consider whether Ms. Bade "can make an adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v) (discussing step five analysis). Absent such step five analysis, I cannot overlook the ambiguity in the VE's testimony.

In light of the transcript's conflicting language and without an explanation from the ALJ justifying her interpretation of the VE's testimony, I remand for clarification of the VE's response and, if necessary, for the ALJ to provide step five analysis.

## II.   Assuming the VE's testimony supports a finding of nondisability, the ALJ did not err by concluding Ms. Bade can perform her past relevant work as generally performed.

As part of the step four analysis, the ALJ is to determine whether the claimant can perform "[t]he actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). If the claimant is able to perform past relevant work as actually performed or as generally performed, the claimant does not qualify for SSI. *See id.* "When a job is a 'composite'—that is, it has significant elements of two or more occupations and therefore has no counterpart in the

[Dictionary of Occupational Titles]—the ALJ considers only whether the claimant can perform the work as actually performed." *Cook v. Colvin*, 2015 WL 162953, at *7 (C.D. Cal. Jan. 13, 2015).

Ms. Bade argues the ALJ erred by concluding Ms. Bade could perform her past relevant work as actually performed and as generally performed. (Pl.'s Reply Br. [24] at 4.) The Commissioner acknowledges the ALJ erred when concluding Ms. Bade could perform her past relevant work as actually performed. (Def.'s Br. [20] at 5.) However, the Commissioner contends this error is harmless because the ALJ provided substantial evidence that Ms. Bade can perform her past relevant work as generally performed. (Def.'s Br. [20] at 5 n.3.) Ms. Bade replies by raising the first issue already addressed, *see supra* Part I, and by arguing that because her past relevant work is a composite job, the Commissioner cannot make a nondisability finding at step four based on work as generally performed. This second argument reveals a misunderstanding of the law.

The ALJ has discretion in defining past relevant work, and I cannot overturn her decision if it is supported by substantial evidence. *See Lingenfelter*, 504 F.3d at 1035 (9th Cir. 2007). The ALJ relied on Bade's characterization of her own past work (Tr. of Oral Hr'g [10-3] at 67-69) and the VE's testimony (Tr. of Oral Hr'g [10-3] at 89) to find Ms. Bade's sole, past relevant work was that of a house cleaner. Because this determination was founded on clear and convincing testimony, I affirm the ALJ's finding. When the claimant's past relevant work is a non-composite job, the ALJ may consider work as generally performed. *See, e.g.*, *Pinto*, 249 F.3d at 845. Therefore, assuming the VE's testimony supports a finding of nondisability, the ALJ did not err by concluding Ms. Bade can perform her past relevant work as generally performed.

**III.    The ALJ provided clear and convincing reasons rooted in substantial evidence to support the adverse credibility finding with respect to Ms. Bade's anxiety disorder testimony.**

The ALJ may "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). "[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). If the ALJ's credibility finding is supported by substantial evidence in the record, I may not engage in second-guessing of that finding. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Ms. Bade argues the ALJ failed to consider her anxiety testimony and provide specific, clear, and convincing reasons for discounting her testimony. (Pl.'s Opening Br. [11] at 13.) I disagree. First, the ALJ did consider Ms. Bade's anxiety testimony. (ALJ's Hr'g Decision [10-3] at 44.) The ALJ then determined, based on medical evidence and testimony, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." (*Id.* at 45.) In support of this conclusion, the ALJ identified numerous pieces of medical evidence. I examine each piece of evidence below in support of my conclusion that the ALJ did offer specific, clear, and convincing evidence discounting Ms. Bade's testimony.

A.  *July 2011 DePaul Report*

A progress report for Ms. Bade during her time at DePaul reveals that after a period of sobriety, Ms. Bade "appear[ed] anxious but was able to sit quietly during [a] session." (Medical R. Part 2 [10-9] at 31.) She was able to maintain good eye contact and was fully alert and oriented. (*Id.*) These results stand in stark contrast to her "chronic anxiety" diagnosis made prior to her period of sobriety, (Medical R. Part 1 [10-8] at 58), and support the ALJ's conclusion.

6-OPINION AND ORDER

B.  *Dr. Dieter's Examination*

Dr. Dieter's examination was made after Ms. Bade had been sober for more than four months. (Medical R. Part 2 [10-9] at 79.) Contrary to Ms. Bade's testimony that she suffers from debilitating anxiety, Dr. Dieter wrote Ms. Bade seemed only "somewhat . . . anxious," and her "attitude and behavior was pretty pleasant and cooperative." (*Id.*at 78.) Dr. Dieter's testimony serves as substantial medical evidence contradicting Ms. Bade's testimony.

C.  *Dr. Walter's Opinion*

Ms. Bade's treating doctor, Lee Walters, noted during an examination that Ms. Bade's mental status was normal. (Medical R. Part 3 [10-10] at 13.) He further commented that although Ms. Bade had a history of anxiety, her anxiety was "controlled." (*Id.* at 15.) This conclusion was drawn approximately seven months after sobriety. (*Id.* at 14.) Though Dr. Walter's conclusions from other examinations are inconsistent with these findings, the evidence in this particular examination does support the ALJ's conclusion. *See also infra* Part V (explaining why Dr. Walters' other findings were rejected).

D.  *Opinions of Bill Hennings and Joshua Boyd*

Bill Hennings and Joshua Boyd both reached the conclusion that Ms. Bade's statements were only partially credible, undermining her claim of debilitating anxiety. (Payment Docs. and Decisions [10-4] at 12, 25.) Both Dr. Hennings and Dr. Boyd concluded Ms. Bade is only moderately limited in her ability to interact appropriately with the general public, and she is not significantly limited in her ability to accept instructions, respond appropriately to criticism, and get along with coworkers or peers. (*Id.* at 14, 27-28.)

All together, the evidence is substantial and clear enough to convince a reasonable person that the claimant's testimony should be rejected. *See Lingenfelter*, 504 F.3d at 1035. Thus, I affirm the ALJ's rejecting of Ms. Bade's anxiety testimony.

**IV.    Assuming the ALJ's interpretation of the VE's testimony is correct, the evidence shows Ms. Bade's anxiety disorder would improve to the point of nondisability absent the substance abuse.**

The ALJ has the responsibility of determining whether a claimant's drug addiction or alcoholism is a contributing factor material to the disability. If it is, the claimant will not be deemed disabled for the purpose of determining SSI. 20 C.F.R. § 404.1535. The key factor the ALJ examines in determining if drug addiction or alcoholism contributes to disability is whether the claimant would still be disabled if she stopped using drugs or alcohol. *Id.* Ms. Bade asserts there is no evidence in the record showing her anxiety improves with sobriety. (Pl.'s Opening Br. [11] at 13.) However, as noted previously, the ALJ provided specific, clear, and substantial evidence that Ms. Bade's anxiety does improve when she is sober. *See supra* Part II. I therefore affirm the ALJ's conclusion that absent substance use—and assuming the ALJ's interpretation of the VE's testimony is correct—Ms. Bade's anxiety disorder would improve to the point of nondisability.

**V.    The ALJ properly rejected the medical testimony of the treating doctor, Lee Walters.**

When an examining doctor's opinion is contradicted by other medical opinions, "an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When more than one rational interpretation can be drawn from the evidence, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ concluded Dr. Walters's testimony was inconsistent with the record as a whole. (ALJ Hr'g Decision [10-3] at 49.) The ALJ then provided specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Walters's testimony. For example, Dr. Walters opined Ms. Bade has restricted lifting, sitting, and standing capabilities. (Medical R. Part 13 [10-20] at 60-61.) However, examination reports show Ms. Bade has normal muscle bulk and intact motor strength. (Medical R. Part 11 [10-18] at 7.) He opined Ms. Bade's anxiety symptoms interfere with her ability to perform simple tasks. (Medical R. Part 13 [10-20] at 60.) But examination reports show Ms. Bade, when sober, has controlled anxiety and is able to perform simple tasks. *See supra* Part II. In fact, Dr. Walters himself previously opined Ms. Bade, after a period of sobriety, had controlled anxiety and listed her mental status at an appointment as normal. (Medical R. Part 3 [10-10] at 13.) While the parties disagree whether the ALJ's interpretation of the medical evidence was correct, it does seem reasonable and thus is upheld. *See Lingenfelter*, 504 F.3d at 1035. Because the ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Walters' statements, I affirm the ALJ's decision discounting Dr. Walters' testimony.

//

//

//

//

//

//

//

9-OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I find the ALJ provided substantial reasons rooted in evidence for discounting Ms. Bade's anxiety testimony and rejecting the testimony of Dr. Walters. If the ALJ's interpretation of the VE's testimony is correct, I affirm the ALJ's finding that if Ms. Bade discontinued substance use her anxiety would improve to the point of nondisability. However, I remand so the ALJ can clarify the VE's testimony and, if necessary, provide step five analysis.


IT IS SO ORDERED.

DATED this ___24th___ day of May, 2016.

/s/ Michael W. Mosman
MICHAEL S. MOSMAN
Chief United States District Judge

10-OPINION AND ORDER