IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JANE BADE,**

        Plaintiff,

    v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**

        Defendant.

No. 3:15-cv-00839-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This matter comes before the Court on Ms. Bade's Motion for Fees Pursuant to the Equal Access to Justice Act ("EAJA") [28]. Ms. Bade seeks attorney fees in the amount of $6,069.93. For the reasons stated below, I GRANT Ms. Bade's Motion.

## BACKGROUND

    On August 14, 2013, an administrative law judge ("ALJ") for the Social Security Administration found that Ms. Bade was not under disability during the relevant time period and denied her application for Supplemental Security Income. The Appeal's Council denied review of the ALJ's decision, and Ms. Bade filed a Complaint [1] with this Court. On May 24, 2016, I issued an Opinion and Order [25] in which I found the ALJ had not justified her interpretation of

1 – OPINION AND ORDER

an ambiguous statement made by the vocational expert ("VE") in the proceedings below. Specifically, when asked whether a person with a residual functional capacity ("RFC") identical to Ms. Bade's could perform Ms. Bade's past work, the VE replied, "*Yes*, that *wouldn't* allow for the performance of the past light, unskilled work." In light of this conflicting language and without explanation from the ALJ as to why she interpreted the VE's answer to be "yes," I remanded the case so the ALJ could clarify the VE's response and, if necessary, provide step five analysis. As the prevailing party, Ms. Bade filed her current Motion for Fees Pursuant to the EAJA [28] on August 31, 2016.

## DISCUSSION

The Commissioner advances two arguments in opposition to Ms. Bade's Motion. First, the Commissioner argues that its position was substantially justified, thereby precluding an award of fees to Ms. Bade. Second, even if its position was not substantially justified, the Commissioner argues that Ms. Bade's fee request is unreasonable and should be reduced. I will address each argument in turn.

### I.    Substantial Justification

The EAJA entitles a prevailing party to fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The government's position is substantially justified if it has a reasonable basis in law and fact." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citation omitted) (internal quotation marks omitted). When an ALJ fails to follow basic regulatory procedures or makes a decision that is unsupported by substantial evidence, for example, the government's defense of the ALJ's decision is unreasonable and not substantially justified. *See, e.g.*, *Roe v. Comm'r of Soc. Sec.*, 651 F. App'x 583, 585 (9th Cir. 2016) (holding

that the government's defense of ALJ's procedural errors was not substantially justified); *White v. Astrue*, No. 09-cv-3038-TC, 2010 WL 3941559, at *1 (D. Or. Oct. 6, 2010) (holding that the Commissioner's position was not substantially justified because the ALJ's decision was not supported by substantial evidence). "The government bears the burden of demonstrating substantial justification." *Thangaraja*, 428 F.3d at 874.

The Commissioner argues that because the VE's response was inconclusive and ambiguous, its "position was not wholly unreasonable." This argument rests on the premise that the ambiguity in the VE's statement gave rise to two reasonable interpretations. The ambiguity at issue here, however, did not allow the Commissioner to make a colorable argument as to the statement's meaning. The response was inconclusive on its face, and it is unreasonable to assert that the statement clearly meant one thing as opposed to another.

Additionally, in my Opinion and Order, I remanded the case to the ALJ because she provided no justification as to why the VE's ambiguous statement supported her finding that Ms. Bade was not disabled. In other words, the ALJ's finding of non-disability was not supported by substantial evidence because she relied on a statement from the VE that was inconclusive. As such, it would be "decidedly unusual" for me to find substantial justification under the EAJA even though the ALJ's decision was "lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (citation omitted). The Commissioner has failed to prove her position was substantially justified.

## II.    Fee Amount

Once a litigant has met the conditions of eligibility under the EAJA, the court must determine whether the requested fee amount is reasonable. *Blair v. Colvin*, 619 F. App'x 583, 585 (9th Cir. 2015). A baseline for a reasonable fee amount is "the number of hours reasonably

3 – OPINION AND ORDER

expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1933). The product of this equation is not the end of the inquiry, however. *Id.* The court must also consider (1) whether the plaintiff "fail[ed] to prevail on claims that were *unrelated* to claims on which he succeeded," and (2) the significance of the plaintiff's relief overall. *Blair*, 619 F. App'x at 585 (emphasis added) (citation omitted) (applying the analysis from *Hensley* to an EAJA award). Of the two considerations from *Hensley*, the most critical factor is the degree of success obtained by the plaintiff during the proceeding, especially when the plaintiff's claims rest on a common set of facts and legal theories. *Id.* at 585; *Smith*, 2016 WL 3467722, at *4.

In *Blair*, for example, the district court awarded the plaintiff EAJA fees but reduced the amount because the plaintiff did not "achieve an excellent result warranting a full compensatory fees award." Specifically, the court cited the plaintiff's failure to receive an award of benefits and the limited scope of the remand as reasons for reducing the amount. *Blair*, 619 F. App'x at 585. By comparison, in *Smith v. Colvin*, this Court declined to reduce the plaintiff's requested fee amount because her claims were interrelated and the case was ultimately remanded to the ALJ for a determination of disability. No. 3:15-cv-00267-MC, 2016 WL 3467722, at *4 (D. Or. June 22, 2016).

The Commissioner argues a reduction of fees is warranted because I did not grant Ms. Bade's request for benefits and because the scope of remand is limited to an "exceptionally narrow" issue. These arguments are unpersuasive. Outright awards of benefits are rare on appeal, and the issue on which I remanded, although seemingly pointed, has a significant impact on Ms. Bade's case. The ALJ will likely consider the matter de novo, providing Ms. Bade a new opportunity to present her case. *See* 20 C.F.R. § 405.510 (2016); HALLEX I-2-8-18 (S.S.A.),

1993 WL 643058. Furthermore, absent clarification from the VE or overriding evidence that Ms. Bade could not perform past relevant work, the ALJ will provide step five analysis, at which point the burden shifts to the Commissioner to prove Ms. Bade is not disabled. This relief is significant.

Finally, it is clear the requested fee amount is reasonable. The issues Ms. Bade raised on appeal involved a common set of facts and were all related to the ALJ's finding of non-disability. Thus, even though Ms. Bade did not advance the exact issue on which I eventually reversed, the fact that her arguments were interrelated weighs against reducing the requested fee amount.[1] More importantly, Ms. Bade's overall relief in the proceeding does not support a reduction.

## CONCLUSION

The Commissioner has failed to meet her burden to demonstrate her position was substantially justified, and the amount of the requested fee award is reasonable. Therefore, Ms. Bade's Motion for Fees Pursuant to the EAJA [28] is GRANTED, and Ms. Bade is awarded attorney fees in the amount of $6,069.93.

IT IS SO ORDERED.

DATED this __14th__ day of November, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge

---

[1] Plaintiff included the VE's ambiguous statement in her brief but argued that it supported a finding of disability. In my Opinion and Order [25], I disagreed, finding instead that the statement was inconclusive.

5 – OPINION AND ORDER